IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID M. JENSEN, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 5:17-cv-00114 |
| EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY), | § § § | COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

Plaintiff, David M. Jensen ("Jensen" or "Plaintiff"), files this Complaint against EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY) ("EOG" or "Defendant"), showing in support as follows:

## I.  SUMMARY

1.      Plaintiff worked/has worked for Defendant for several consecutive years where he and many other workers were misclassified by Defendant as so-called independent contractors. As a result, Plaintiff and the other misclassified workers did not enjoy and receive the benefits of employment, such as overtime wages, health insurance benefits, and retirement benefits.

2.      Plaintiff seeks to recover unpaid overtime wages and all available damages under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively, "FLSA").

3.      Plaintiff files his FLSA cause of action individually and on behalf of all others similarly situated as a FLSA collective action pursuant to 29 U.S.C. § 216(b).

## II.     THE PARTIES, JURISDICTION, AND VENUE

### A.     Plaintiff David M. Jensen

4.     Plaintiff is a natural person who resides in Nueces County, Texas. He has standing to file this lawsuit.

5.     Plaintiff primarily worked/works for Defendant EOG in the Eagle Ford Shale region in Texas.

6.     Although Plaintiff was/is labeled a so-called independent contractor by Defendant, the economic reality is that, at all times relevant, he was/is an "employee" of Defendant as that term is defined by the FLSA. 29 U.S.C § 203(e)(1). *See also*, *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).

7.     Attached to this Complaint as **Exhibit A** is a true and correct copy of Plaintiff's Consent to Become Party Plaintiff in this lawsuit pursuant to 29 U.S.C. § 216(b).

### B.     FLSA Collective Action Members

8.     The FLSA Collective Action Members are all current and/or former misclassified independent contractors similarly situated to Plaintiff who: (a) work/worked exclusively for EOG in connection with EOG's South Texas/Eagle Ford Shale Operations, but are/were issued paychecks and 1099s by EOG; (b) are/were paid on either an hourly and/or day rate basis (EOG changed between these two methods of pay for the same group of workers during the relevant time period); (c) had/have primary job duties/titles of flow back consultants or flow back testers; (d) work/worked more than 40 hours in any workweek; and (e) are not/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek by EOG.

9.      All of the FLSA collective action Plaintiffs, opt-in Plaintiffs, and putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

10.      Plaintiff reserves the right to refine the definition of the FLSA collective action class pursuant to amended pleadings, conditional certification/decertification proceedings, or as otherwise allowed by the Court. Plaintiff further reserves the right to request sub-classes as necessary.

**C.      Defendant EOG Resources, Inc. (f/k/a ENRON Oil and Gas Company)**

11.      On information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware.

12.      During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Furthermore, Defendant employed Plaintiff in Texas.

13.      Defendant's principal office and principal place of business is located at 1111 Bagby Street, Sky Lobby 2, Houston, Texas 77002.

14.      During the time period relevant to the FLSA cause of action set forth in this lawsuit, EOG was an "employer" of Plaintiff and the putative collective action members pursuant to the FLSA.

15.      At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

16.      At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees who engaged in commerce. For example, Defendant has, at all relevant times, had two or more employees engaged in interstate oil and natural gas exploration and production services.

17.    At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include flow back tools, flow back supplies, communication devices, and equipment used in connection with Defendant's oil and natural gas exploration and production operations.

18.    On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19.    Defendant may be served with summons by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**D.    Jurisdiction and Venue**

20.    The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

22.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

23.    Venue is proper in the United States District Court for the Western District of Texas because Defendant maintains business operations in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this judicial district. Furthermore, Defendant maintains business operations in this judicial district where Plaintiff and the FLSA Collective Action Members performed work and continue to perform work.

24.    Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas because Defendant maintains business operations in the San Antonio

Division and a substantial part of the vents giving rise to Plaintiff's claims occurred, and continue to occur, in the San Antonio Division.

## III.    FACTUAL BACKGROUND

25.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26.    EOG is one of the largest oil and natural gas companies in the United States and has business operations in Texas and states other than Texas.

27.    EOG was formerly known as Enron Oil and Gas Company.

28.    EOG is a publicly traded company in the United States and its symbol on the New York Stock Exchange is "EOG."

29.    Plaintiff worked/works for Defendant providing flowback and equipment testing in connection with Defendant's oil and natural gas exploration and production operations.

30.    Flowback operations generally involve work immediately after fracking operations at oil and/or natural gas wellsites. Such work is primarily, if not exclusively, performed outdoors and is manual labor in nature. For example, flowback work includes climbing mobile storage tanks, physically gauging and tracking fluid levels, changing pipes and pipe related equipment, changing chokes, and performing other oilfield related work.

31.    At all times relevant to his FLSA cause of action, Plaintiff was either paid on a day rate basis or hourly rate of pay basis by Defendant. Defendant changed the method of pay for Plaintiff and the putative collective action members. Plaintiff does not currently recall the exact date that Defendant changed the method of pay for himself and the putative collective action members.

32. At all times relevant, Plaintiff was not paid on a salary or fee basis as those phrases are understood pursuant to the FLSA.

33. Defendant labeled Plaintiff as a so-called "independent contractor." However, the reality under the FLSA is that Plaintiff was/is EOG's employee at all material times.

34. Here, Defendant set the work schedule for Plaintiff by assigning wells at various job sites throughout the Eagle Ford Shale region of Texas. Plaintiff was expected and required to remain at those job sites 24 hours a day until flowback services were completed or he was relieved by another flowback worker. Plaintiff reported directly to EOG personnel and was supervised by EOG managers. Defendant issued Plaintiff a cell phone and provided onsite living quarters. Defendant provided all material equipment, tools, supplies, fire resistant clothing, and the training necessary to complete job duties.

35. Plaintiff was not permitted to hire employees to assist him with his work for Defendant. Plaintiff did not hire employees to assist him with his work for Defendant.

36. Plaintiff did not exercise sufficient, if any control over a meaningful part of the business so as to be a separate economic entity from EOG. Plaintiff was simply a part of EOG's workforce. Workers performing job duties that were the same or similar to Plaintiff's job duties were integral parts of Defendant's business operations. The job duties performed by Plaintiff for Defendant – flowback services and equipment testing – were a part of the regular business operations of EOG.

37. Defendant assigned Plaintiff numerous work projects over his years of work for EOG. For example, when Plaintiff completed or completes a work task, his EOG manager assigned/assigns him another work task as was/is the case with workers labeled by EOG as "employees."

38.     Plaintiff provided no material investment in Defendant's business operations. For example, EOG provided Plaintiff with a cell phone, all equipment necessary to complete his job duties, living quarters onsite, fire resistant clothing, and all training needed to properly complete his job duties.

39.     Defendant performed all marketing, administrative, and IT support for business operations involving Plaintiff.

40.     Defendant reimbursed Plaintiff for travel and fuel expenses through expense reports submitted and paid in the same fashion as workers labeled as "employees" by EOG.

41.     Defendant's investment in its business operations exceed the investments, if any, of Plaintiff in connection with his work for EOG.

42.     Plaintiff worked/has worked for Defendant for approximately six years and nine months continuously. At all times relevant, Plaintiff was economically dependent on Defendant. For example, EOG routinely and regularly required Plaintiff to work a 40 hour plus workweek. That obviously prevented Plaintiff from meaningful opportunity for earned income from a source other than Defendant.

43.     Defendant provided all project assignments and instructions for Plaintiff's work. Plaintiff did not submit bids to obtain work from other business, but instead simply worked on Defendant's projects as determined by his manager at EOG. In doing his job for EOG, Plaintiff did not go out and shop the market for cheaper supplies or higher paying contracts in order to boost his profit margins. Fuel and travel expenses were reimbursed by Defendant after Plaintiff submitted expense reports in a fashion consistent with other workers labeled by EOG as "employees."

44.     Plaintiff was simply paid either a day rate or hourly rate by Defendant.[1] Plaintiff did not and could not hire employees of his own while working for Defendant. Similarly, Plaintiff did not and could not subcontract the work assigned to him by EOG. As a *de facto* employee, Plaintiff had no opportunity for loss. Instead, there was only opportunity for earned income based upon either a day rate or hourly rate basis.

45.     All major components open to initiative—advertising, pricing, and business decision making—were controlled by Defendant. Defendant trained Plaintiff on how to do his job in a manner that was consistent with the training of individuals classified by EOG as "employees." There was no "unique skill set" or "initiative" required to perform Plaintiff's work for Defendant.

46.     The permanency of the working relationship between Plaintiff and Defendant was/has been approximately six years and nine months. Plaintiff worked/works full-time for Defendant, primarily in the Eagle Ford Shale, during this time period.

47.     Defendant did not make and keep a record of all of the data required by 29 C.F.R. § 516.2(a) in connection with the work performed by Plaintiff for EOG.

48.     Plaintiff routinely worked in excess of 40 hours per workweek for Defendant.

49.     When Plaintiff worked in excess of 40 hours in a workweek, he was not paid time and one-half his regular rate of pay for each and every such hour over 40 as required by the FLSA.

50.     During the time period relevant to Plaintiff's FLSA cause of action, Defendant had many other workers performing work in similar fashion to Plaintiff who were/are misclassified as independent contractors. Like Plaintiff, those workers were/are paid either an hourly rate or day rate, were/are economically dependent on Defendant pursuant to the FLSA's definition of

---

[1] On information and belief, Defendant switched from paying Plaintiff and other similarly situated individuals on a day rate basis to an hourly rate basis approximately two to three years ago. Plaintiff does not currently recall the exact time of the switch in the method of pay.

employee and the FLSA's Economic Realities Test, regularly worked/work in excess of 40 hours per workweek, but were not/are not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek during the time period of three years preceding the date this lawsuit was filed and forward.

## IV. CONTROLLING LEGAL RULES

51.     Whether an individual is an employee, who is covered by the FLSA's provisions, as opposed to an independent contractor, who is not covered by the FLSA, is determined by the economic realities test. *Hopkins,* 545 F.3d at 343. The purpose of the economic realities test is to determine whether "the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.*

52.     District Courts within the Fifth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* at 343 (*citing Herman v. Express Sixty-Minutes Delivery Serv., Inc.,* 161 F.3d 299, 303 (5th Cir. 1998). The Fifth Circuit further noted that: "[n]o single factor is determinative. Rather, each factor is a tool used to gauge the *economic dependence* of the alleged employee, and each must be applied with this ultimate concept in mind." *Id.* (*citing Herman*, 161 F.3d at 303 and *Brock v. Mr. W Fireworks, Inc.,* 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

53.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular

rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

54.     Plaintiff was not "exempt" from the FLSA's overtime provisions. 29 U.S.C. § 213.

55.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

56.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

57.     The FLSA provides for a two-year statute of limitations which may be extended to three years where the cause of action arises out of a "willful" violation. 29 U.S.C. § 255(a).

## V.     PLAINTIFF'S CLAIMS

58.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

59.     This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

60.     All conditions precedent in this suit, if any, have been fulfilled.

61.     At all material times, Plaintiff was/is an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e). Although Defendant labeled/labels Plaintiff as a so-called independent contractor, the economic reality is that Plaintiff was/is an employee of Defendant.

62.     At all material times, Defendant was/is an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

63.     Plaintiff routinely worked/works in excess of 40 hours per seven-day workweek for Defendant in the time period relevant to this lawsuit.

64.     At all material times, Plaintiff was/is entitled to overtime compensation from Defendant at one and one-half times his regular rate of pay. 29 U.S.C. § 207(a)(1).

65. Defendant failed and continues to fail to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

66. Defendant did not/does not maintain an accurate number of the daily and weekly hours worked by Plaintiff during the relevant time period of this lawsuit. 29 C.F.R. § 516.2.

67. Defendant's violations of the FLSA were/are willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding jury finding of willfulness). Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claims.

68. Plaintiff seeks all damages available for Defendant's violations of the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

69. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

70. The FLSA putative collective action members are all current and/or former misclassified independent contractors similarly situated to Plaintiff who: (a) work/worked exclusively for EOG in connection with EOG's South Texas/Eagle Ford Shale Operations, but are/were issued paychecks and 1099s by EOG; (b) are/were paid on either an hourly or day rate basis; (c) had/have primary job duties/titles of flow back consultants or flow back testers; (d) work/worked more than 40 hours in any workweek; and (e) are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by EOG.

71. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

*See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

72.     All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

73.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

74.     Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.     JURY DEMAND

75.     Plaintiff demands a jury trial.

## VIII.     DAMAGES AND PRAYER

76.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

      a.     Actual damages in the amount of unpaid overtime wages;

      b.     Liquidated damages;

      c.     Certification of Plaintiff's FLSA cause of action as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

      d.     Post-judgment interest;

      e.     Costs;

      f.     Reasonable attorneys' fees; and

g.      All other relief to which Plaintiff is entitled.


By:      s/ Allen Vaught
         Allen R. Vaught
         TX Bar No. 24004966
         Melinda Arbuckle
         TX Bar No. 24080773
         Farsheed Fozouni
         TX Bar No. 24097705
         Baron & Budd, P.C.
         3102 Oak Lawn Avenue, Suite 1100
         Dallas, Texas  75219
         (214) 521-3605 – Telephone
         214) 520-1181 – Facsimile
         avaught@baronbudd.com
         marbuckl@baronbudd.com
         ffozouni@baronbudd.com

         ATTORNEYS FOR PLAINTIFF